## JOHN CAPLEN v. JOHN HAWKINS ET AL.

Decided January 9, 1902.

**Bill of Exceptions—Exclusion of Deposition—Error Not Shown.**

Where a bill of exceptions to the exclusion of plaintiff's deposition as taken and filed by defendant merely stated the fact of such exclusion and the reasons therefor,—an error in addressing the commission in the full terms of the statute,—and it appeared that plaintiffs testified in the case by depositions taken in their own behalf with cross-interrogatories by defendant, and there was nothing to show that the plaintiffs refused to answer defendant's interrogatories, or to what they related, the bill was not sufficient to show there was material error in suppressing the deposition.

Appeal from Hardin. Tried below before Hon. L. B. Hightower.

*J. S. Gregory* and *Terry, Ballinger, Smith & Lee,* for appellants.

*W. W. Dies, Cruse & Nall, J. D. Martin,* and *J. N. Votaw,* for appellees.

GARRETT, Chief Justice.—John Hawkins and others brought this suit against John A. Caplen to cancel a conveyance made by them to the defendant of the B. H. Hawkins survey, situated in Hardin County, which they alleged had been procured from them through the fraudulent representations of one J. F. Davis, who was acting as the agent of the defendant. The conveyance sought to be canceled was a deed dated March 12, 1900, executed by the plaintiffs to the defendant, conveying to him in consideration of $200 the above mentioned survey with general warranty of title. From the evidence introduced by the parties the jury was authorized to find that the plaintiffs were ignorant and illiterate persons, and in signing the deed relied upon statements of said Davis, who was a notary public and represented defendant in procuring the deed from them, that it was a conveyance to one Earl Adams, whom Davis represented, and was for the purpose of conveying to Adams a half interest in the land which the plaintiffs had agreed to give him as their attorney. The plaintiffs believed Davis' statements to be true, and relied upon them, and would not have executed the instrument if they had known that it was a conveyance of the land to Caplen. From a judgment in favor of the plaintiffs Caplen has appealed, and the only error assigned is upon the ruling of the court in sustaining the motion of plaintiffs to suppress the depositions of the plaintiffs filed by the defendant.

The defendant had filed interrogations to take the depositions of the plaintiffs and had caused a commission to be issued for the purpose and placed in the hands of a notary public for execution. Instead of addressing the commission to the several officers prescribed by the statute, the clerk addressed it to any notary public. The notary public to whom the commission had been delivered returned the same into court, whereupon the motion to suppress was made. A fuller statement of the action of the officer or whether or not any deposition was made can not be given, because the bill of exception taken to the action of the court in suppressing the deposition is a mere skeleton and does not show what was done. It is as follows: "Be it remembered that on the trial of the above entitled cause the defendants offered to prove the following facts, viz: the plaintiffs' depositions, the plaintiffs moved to strike out the deposition of the plaintiffs, taken by the defendant, for the reason that the clerk of the court directed the commission to the notary public and not as the statute requires, which motion the court sustains to that extent only. * * * To which the counsel for defendant objected for the following reasons, viz: said rulings are erroneous," etc.

It further appears that the plaintiffs testified in the case by deposi-

tion upon interrogations propounded in their behalf and cross-interrogations by the defendant. The interrogations propounded by the defendant to the plaintiffs not having been set out in the bill of exception, and there being nothing to show that the plaintiffs refused to answer them, and the plaintiffs having testified in the case, it does not appear that the error, if any, in suppressing the deposition was material. The bill of exception is entirely too insufficient to invoke a review by this court of the action of the court below in suppressing the deposition, and the judgment will be affirmed.

*Affirmed.*

Writ of error refused.